■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO CASADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered September 6, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not commit reversible error by refusing his request for a justification charge (see, Penal Law § 35.15). It is well settled that a court need not charge the defense of justification if, considering the record in the light most favorable to the defendant, no reasonable view of the evidence establishes the elements of the defense (see, People v Reynoso, 73 NY2d 816; People v Watts, 57 NY2d 299; People v Pichardo, 168 AD2d 577; People v Stamen, 163 AD2d 499; People v Russell, 161 AD2d 815). In this case, reviewing the record in the light most favorable to the defendant, the competent evidence established that he shot and killed the decedent at close range after seeking to rekindle the flames of a prior controversy. Two witnesses observed the altercation yet neither reported seeing the decedent take any aggressive actions. Rather, the evidence established that the defendant was the initial aggressor (see, People v Fason, 135 AD2d 983) and, with a gun pointed at the chest of his unarmed victim, was in complete control of the situation throughout. Moreover, even if we credit the defendant's unsupported contention that he might have reasonably believed the decedent to be armed, the evidence demonstrated that the defendant made no attempt to withdraw from the conflict although he could have done so in complete safety (see, People v Behlin, 150 AD2d 591). Indeed, after removing an unidentified object from the decedent's possession, which object the defendant now argues could have been a gun, the defendant fired his gun and mortally wounded his unarmed victim. Clearly there is no reasonable view of the evidence to support a finding that the defendant genuinely acted in self-defense. Accordingly, as the defendant was not entitled to a charge on the defense of justification, the court's refusal to so charge was not error. Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.