■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered June 26, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4-⅔ to 9-⅓ years imprisonment, unanimously affirmed.

Defendant was arrested after selling a compound substance which contained cocaine to a police officer.

Defendant claims that evidence of other crimes was improperly introduced when the prosecutor cross-examined him about whether he witnessed people selling drugs in the park and whether he was familiar with the manner in which drugs were sold. Defendant's counsel raised only general objections to the prosecutor's line of questioning and thus this claim is unpreserved for review *(People v Balls,* 69 NY2d 641). Were we to consider them in the interest of justice, we would find them to be without merit. On direct examination, defendant testified that he was merely present at the park when the incident occurred and further volunteered his knowledge of each participant's role in a drug transaction. Therefore, cross-examination with respect to these matters was proper under the circumstances *(see, People v Richards,* 121 AD2d 660, *lv denied* 68 NY2d 816).

The court's *Sandoval* ruling permitted the People to inquire of defendant if he had been convicted of a 1959 robbery without inquiry into the underlying facts. While the conviction was 30 years old, the court considered the fact that defendant had spent 26 of those years in prison, and thus it was not error to permit its limited use *(People v Cain,* 167 AD2d 131, 133, *lv denied* 77 NY2d 836).

Nor was defendant entitled to a missing witness charge. The prosecutor did not call the co-defendant, who had pleaded guilty earlier. A party seeking such charge has the burden of

establishing prima facie, *inter alia,* that an uncalled witness is knowledgeable about a pending material issue and that such witness can be expected to provide noncumulative testimony favorable to the party who has not called him *(People v Kitching,* 78 NY2d 532, 537). Here, there is no indication that the co-defendant's testimony would have "contradicted or added" to the testimony of the other witnesses. *(People v Almodovar,* 62 NY2d 126, 133.) Neither is there evidence that it would have been favorable to the People merely because the co-defendant pleaded guilty by accepting a plea bargain. In this regard, the co-defendant had completed his prison term 2 months prior to the commencement of the trial, and thus he was not in the People's control and would not be expected to testify in their favor *(People v Kitching, supra).*

We have considered defendant's other arguments and find them lacking in merit. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.