THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. SCOTT, Appellant. [784 NYS2d 465]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 19, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and sexual abuse in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]) and two counts of sexual abuse in the first degree (§ 130.65 [1]). Defendant was sentenced to an aggregate determinate term of incarceration of 10 years, plus five years of postrelease supervision. County Court did not abuse its discretion in rendering its *Sandoval* ruling (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Thomas*, 305 AD2d 1099 [2003], *lv denied* 100 NY2d 600 [2003]). Defendant was not deprived of a fair trial by an isolated remark of the prosecutor upon summation (*see People v Bennett*, 298 AD2d 964, 965 [2002], *lv denied* 99 NY2d 555 [2002]; *People v Robinson*, 267 AD2d 981 [1999], *lv denied* 95 NY2d 838 [2000]). With respect to the third count of

the indictment, the evidence is legally sufficient to establish that, by forcible compulsion, defendant touched the sexual or intimate parts of the victim's body (*see* Penal Law § 130.65 [1]; § 130.00 [3], [8]; *People v Watson*, 281 AD2d 691, 697 [2001], *lv denied* 96 NY2d 925 [2001]; *People v Felton*, 145 AD2d 969, 971 [1988], *lv denied* 73 NY2d 1014 [1989]; *see also People v Bones*, 309 AD2d 1238 [2003], *lv denied* 1 NY3d 568 [2003]; *People v Jackson*, 290 AD2d 644, 646 [2002], *lv denied* 98 NY2d 711 [2002]). The verdict convicting defendant of that count is not against the weight of the evidence (*see People v Meagher*, 4 AD3d 828, 829 [2004]; *People v Boyce*, 305 AD2d 1022, 1023 [2003], *lv denied* 100 NY2d 560 [2003]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Count two of the indictment, charging sexual abuse, is not subject to dismissal on the ground that it is duplicative of or redundant to the first count, charging rape of the same victim. The counts are non-inclusory concurrent counts, and thus both charges and convictions can stand (*see People v Santogual*, 282 AD2d 625, 626 [2001], *lv denied* 96 NY2d 867 [2001]; *cf. People v Ford*, 76 NY2d 868, 870 [1990]; *People v Wheeler*, 67 NY2d 960, 962 [1986]; *see generally* CPL 300.30 [4]; 300.40 [3] [a]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.