■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN A. MANZULLO, Appellant. [789 NYS2d 246]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kerins, J.), rendered October 15, 2003, convicting him of endangering the welfare of a child and possessing a sexual performance by a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At the time of his plea of guilty, the defendant waived his right to appeal. He acknowledged his understanding that his relinquishment of such right was part of the plea agreement and included his right to appeal any prior rulings made in this case. When the prosecutor reiterated that the agreement included such waiver, the defendant's attorney stated "he covered that."

Following the imposition of the agreed-upon sentence on October 15, 2003, the court clerk stated "Place your client's right of appeal on the record" in response to which the defendant's attorney advised the defendant of his right to appeal the judgment. Such circumstance did not operate to vitiate the defendant's knowing, voluntary, and intelligent waiver of his right to appeal made at the time of his plea (*see People v Moissett,* 76 NY2d 909, 912 [1990]; *People v Burk,* 181 AD2d 74, 81-82 [1992]; *People v Johnson,* 158 AD2d 620 [1990]), nor did such rote recitation constitute a knowing rejection or an implied waiver of this relinquishment provision of the defendant's plea agreement.

The defendant's waiver does not foreclose review of his contention that he was denied the effective assistance of counsel. However, the defendant's attorney provided meaningful representation and negotiated an extremely favorable plea and sentence agreement for him (*see People v Polanco,* 216 AD2d 957 [1995]).

In view of the waiver of the right to appeal, the defendant's remaining contentions are not reached. Santucci, J.P., Crane, Skelos and Lifson, JJ., concur.