■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN P. KARAS, Appellant. [801 NYS2d 217]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 20, 2004. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of grand larceny in the fourth degree (Penal Law § 155.30 [4]) and petit larceny (§ 155.25), defendant contends that County Court erred in denying his request for a missing witness charge with respect to the People's failure to call his alleged accomplice as a witness at trial. We reject that contention. Defendant failed to meet his burden of establishing that the witness would provide testimony that was favorable to the People's position (*see People v DeNormand*, 1 AD3d 1047, 1049, *lv denied* 1 NY3d 626 [2004]; *People v Wynn*, 277 AD2d 946 [2000], *lv denied* 96 NY2d 765 [2001]; *see generally People v Gonzalez*, 68 NY2d 424, 427-428 [1986]).

Insofar as defendant raises issues with respect to the court's denial of his petition for a writ of habeas corpus, those issues are not properly before us on this appeal from the judgment of conviction. In addition, we reject defendant's contention that reversal is required based on juror misconduct inasmuch as defendant failed to establish that any alleged misconduct by a juror "may have affected a substantial right" (CPL 330.30 [2]; *see People v Clark*, 81 NY2d 913, 914-915 [1993]). Finally, we reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.