■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PLATO, Appellant. [801 NYS2d 536]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered January 29, 2002, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the fourth degree, criminal possession of a controlled substance in the third degree, criminal possession of stolen property in the fifth degree, criminally using drug paraphernalia in the second degree, criminal possession of marijuana in the fourth degree, and possession of ammunition, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed April 30, 2002.

Ordered that the judgment and the resentence are affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's motion for the substitution of counsel since the defendant failed to show good cause for the substitution, and the circumstances demonstrated that the application was made merely as a dilatory tactic (*see People v Robinson,* 285 AD2d 478 [2001]; *People v Brown,* 253 AD2d 826 [1998]).

Contrary to the defendant's contention, the mere fact that the resentence imposed after trial was greater than that offered during plea negotiations was no indication that the defendant was punished for asserting his right to proceed to trial (*see People v Carillo,* 297 AD2d 288, 289 [2002]; *People v Bellilli,* 270 AD2d 355 [2000]). Further, the Supreme Court properly considered all relevant circumstances before imposing resentence (*see People v Medina,* 140 AD2d 549, 550 [1988]; *People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contention is without merit. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.