■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATT J. CLANCY, JR., Appellant. [805 NYS2d 523]—Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered September 9, 2003, convicting him of grand larceny in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's valid and unrestricted waiver of his right to appeal precludes appellate review of his claim that the sentence imposed was excessive (*see People v Hidalgo,* 91 NY2d 733 [1998]; *People v Headley,* 289 AD2d 341 [2001]). Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMNIPOTENT UNIQUE DRAYTON, Appellant. [808 NYS2d 383]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered March 11, 2004, convicting him of murder in the second degree (two counts), attempted murder in the second degree, attempted robbery in the first degree (two counts), assault in the first degree (three counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in a light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the trial court erred in refusing to give a missing witness charge for his accomplice is without merit (*see People v Gonzalez,* 68 NY2d 424 [1986]; *People v Wright,* 2 AD3d 546 [2003]). In any event, the defendant failed to meet his burden of establishing that his accomplice was under the control of the prosecution (*see People v Gonzalez, supra* at 427).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.