■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT McLAURIN, Appellant. [815 NYS2d 369]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered June 24, 2004. The judgment convicted defendant, upon a jury verdict, of sodomy in the first

degree (two counts) and sexual abuse in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of sodomy in the first degree (Penal Law former § 130.50 [1]) and sexual abuse in the first degree (§ 130.65 [1]). Contrary to the contentions of defendant, the evidence is legally sufficient to support the conviction of defendant as either the principal in or an accessory to the commission of sodomy and sexual abuse by forcible compulsion, and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, reversal is not required as a result of Supreme Court's refusal to permit defense counsel to make a formal offer of proof pursuant to CPL 60.42, the "rape shield law." Defense counsel was afforded the opportunity to set forth his proposed line of questioning of the complainant and the accomplice (*see* CPL 60.42 [5]; *People v Williams*, 81 NY2d 303, 314 [1993]). The court did not "abuse its discretion in precluding evidence of a sexual encounter between the victim and another man earlier on the night of the crimes at issue (*see* CPL 60.42; *see also People v Fields*, 279 AD2d 405, 405, *lv denied* 96 NY2d 828)" (*People v Grantier*, 295 AD2d 988, 988 [2002], *lv denied* 99 NY2d 535 [2002]; *see generally People v Mathis*, 8 AD3d 966, 967 [2004], *lv denied* 3 NY3d 709 [2004]; *People v Mount*, 285 AD2d 899, 900 [2001], *lv denied* 97 NY2d 642 [2001]).

The court properly denied defendant's request for a missing witness charge with respect to defendant's alleged accomplice, who also was defendant's former codefendant (*see People v Drayton*, 24 AD3d 686 [2005]; *People v Karas*, 21 AD3d 1360 [2005]; *People v Rios*, 184 AD2d 244, 245 [1992], *lv denied* 80 NY2d 908 [1992]). Moreover, the court did not err in denying defendant's challenge for cause to a prospective juror who ultimately indicated unequivocally that she could follow the law and could be fair and impartial (*see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Castrechino*, 24 AD3d 1267 [2005]; *People v Madison*, 8 AD3d 956, 957 [2004], *lv denied* 3 NY3d 709 [2004]).

Finally, defendant contends that his "convictions of the lesser included *offense[s]* of sexual abuse in the first degree must be reversed," the sentences imposed thereon vacated, and those counts of the indictment dismissed. We note that the charges of sexual abuse against defendant were not submitted as lesser

included offenses of the sodomy counts and that, in any event, sexual abuse in the first degree is not a lesser included offense of sodomy in the first degree (*see People v Ford*, 76 NY2d 868 [1990]; *cf. People v Wheeler*, 67 NY2d 960, 962 [1986]). Rather, counts charging sexual abuse in the first degree and sodomy in the first degree are noninclusory concurrent counts, "and thus both charges and convictions can stand" (*People v Scott*, 12 AD3d 1144, 1145 [2004], *lv denied* 4 NY3d 767 [2005]; *see Ford*, 76 NY2d at 870; *People v Bacchus*, 175 AD2d 248, 249-250 [1991], *lv denied* 79 NY2d 824 [1991]). To the extent that our prior decisions in *People v Rising* (289 AD2d 1069 [2001], *lv denied* 97 NY2d 732 [2002]) and *People v Morello* (115 AD2d 237, 238-239 [1985], *lv denied* 67 NY2d 654 [1986]) hold otherwise, they are no longer to be followed. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.