■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN SANCHEZ, Appellant. [822 NYS2d 128]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered July 17, 2003, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree under indictment No. 5256/02, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered July 17, 2003, as amended July 24, 2003, revoking a sentence of probation previously imposed by the same court (Griffin, J.), upon his admission that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a controlled substance in the third degree under indictment No. 10719/97.

Ordered that the judgment and the amended judgment are affirmed.

Given the Supreme Court's knowledge of the defendant's case, including the contents of the defendant's own statements, the Supreme Court was appropriately assured that the defendant's

plea of guilty under indictment No. 5256/02 was not baseless and that the defendant pleaded guilty knowingly, voluntarily, and intelligently (*see People v Seeber,* 4 NY3d 780, 781 n 2 [2005]). That the defendant continued to assert that he had acted in self-defense did not cast doubt on the validity of his plea in light of the fact that the defendant's accounts of the incident negated a justification defense (*see* Penal Law § 35.15 [2] [a]; *cf. People v McGhee,* 4 AD3d 485 [2004]; *People v Perry,* 210 AD2d 437 [1994]; *People v Casado,* 177 AD2d 497 [1991]). The defendant's contention that the Supreme Court misled him as to the unavailability of a justification defense with respect to the charge of criminal possession of a weapon in the second degree is without merit. The defendant's own accounts of the incident established his intent to use the weapon unlawfully independent of his asserted justification in using the weapon (*see People v Pons,* 68 NY2d 264, 267-268 [1986]).

The defendant also claims that he was deprived of his right to effective assistance of counsel. The defendant's waiver of his right to appeal precludes appellate review of that contention, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (*see People v Pryor,* 12 AD3d 695 [2004]). Insofar as the defendant may be understood to claim that counsel's alleged deficiencies undermined the voluntariness of his plea, many of his contentions rest on matter dehors the record; thus, they are not reviewable on direct appeal (*see People v Velazquez,* 21 AD3d 388 [2005]; *People v Kimble,* 153 AD2d 591 [1989]). To the extent the claim is reviewable on the record before us, we find that counsel provided the defendant with meaningful assistance, not least in counsel's role in obtaining a favorable plea arrangement for the defendant (*see People v Baldi,* 54 NY2d 137 [1981]; *People v Manzullo,* 14 AD3d 717 [2005]).

The defendant's valid and unrestricted waiver of his right to appeal precludes appellate review of his claim that the sentence imposed upon his guilty plea under indictment No. 5256/02 was excessive (*see People v Lopez,* 6 NY3d 248, 256 [2006]; *People v Acevedo,* 31 AD3d 459 [2006]; *People v Clancy,* 24 AD3d 686 [2005]).

In addition, the defendant's waiver of his right to appeal forecloses appellate review of his challenge to the denial of that branch of his omnibus motion which was to suppress statements he made to law enforcement officials (*see People v Barnes,* 306 AD2d 537 [2003]).

In light of the foregoing determination, we need not address the defendant's remaining contention that his plea of guilty

under indictment No. 10719/97 must be vacated pursuant to *People v Fuggazzatto* (62 NY2d 862 [1984]). Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.