■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRICK T. CARTER, Appellant. [834 NYS2d 886]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 8, 2003. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject the contention of defendant that Supreme Court erred in denying his request for a missing witness charge. Defendant failed to establish that the individuals who were the subject of the requested charge would be expected to provide noncumulative testimony favorable to the prosecution (*see People v Hilts*, 191 AD2d 779, 780-781 [1993], *lv denied* 81 NY2d 1074 [1993]; *People v Williams*, 186 AD2d 469, 469-470 [1992], *lv denied* 81 NY2d 849 [1993]). Indeed, the two eyewitnesses testified that those individuals were accomplices, and "the People should not be required to call a witness whose testimony would be 'presumptively suspect' " (*People v Arnold*, 298 AD2d 895, 895 [2002], *lv denied* 99 NY2d 580 [2003]; *see also People v Karas*, 21 AD3d 1360 [2005], *lv denied* 5 NY3d 883, 6 NY3d 814 [2005]).

Also contrary to the contention of defendant, the court properly denied his *Batson* challenge. "The court was in the best position to observe the demeanor of the prospective juror[ ]

and the prosecutor," and its determination that the prosecutor's explanation for exercising a peremptory challenge with respect to that prospective juror was not a pretext for discrimination is entitled to great deference (*People v Williams*, 13 AD3d 1214, 1215 [2004], *lv denied* 4 NY3d 857 [2005]; *see People v Lawrence*, 23 AD3d 1039 [2005], *lv denied* 6 NY3d 835 [2006]). We reject the further contention of defendant that the court's *Sandoval* ruling, pursuant to which the People were allowed to cross-examine defendant with respect to a prior attempted robbery conviction, constitutes an abuse of discretion (*see People v Gilliam*, 36 AD3d 1151 [2007]; *People v Parris*, 30 AD3d 1108 [2006], *lv denied* 7 NY3d 816 [2006]; *People v Jamison*, 278 AD2d 100 [2000], *lv denied* 96 NY2d 784 [2001]). Contrary to defendant's contention, "an exercise of a trial court's *Sandoval* discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning . . . , particularly where, as here, the basis of the court's decision may be inferred from the parties' arguments" (*People v Walker*, 83 NY2d 455, 459 [1994]). The sentence is not unduly harsh or severe, and there is no indication in the record that the sentence imposed was the product of vindictiveness (*see People v White*, 12 AD3d 1200 [2004], *lv denied* 4 NY3d 768 [2005]). "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]; *see People v Pena*, 50 NY2d 400, 411-412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.