■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOCELYN LOUISE CHARPENTIER, Appellant. [843 NYS2d 380]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered November 4, 2005, convicting her of grand larceny in the third degree and offering a false instrument for filing in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, intelligently, and voluntarily waived her right to appeal (*see People v Lopez,* 6 NY3d 248 [2006]). Any confusion engendered by the court clerk advising the defendant, after sentence was imposed, of a right to appeal was limited in the first instance by the court's prefatory comment that any right to appeal was limited to issues remaining, if any, after the waiver of the right to appeal. Additionally, after the court clerk advised the defendant of a right to appeal, the defendant had an opportunity to consult with counsel, and the court thereafter confirmed that the defendant understood her rights. In any event, the court clerk's advisement of the right to appeal, following the imposition of sentence, did not operate to vitiate the defendant's valid waiver of her right to appeal (*see People v Brown,* 26 AD3d 340, 340-341 [2006]; *People v Manzullo,* 14 AD3d 717 [2005]).

To the extent that the defendant's claim of ineffective assistance of counsel is addressed to the voluntariness of her plea, the waiver of her right to appeal does not encompass that issue (*see People v Sanchez,* 33 AD3d 633, 634 [2006]; *People v Dixon,* 41 AD3d 861, 862 [2007]). However, the defendant's claim is

without merit. The defendant's counsel, who negotiated a favorable plea and sentence on her behalf, provided the defendant with meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Sanchez,* 33 AD3d 633,634 [2006]; *People v Manzullo,* 14 AD3d 717 [2005]). Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.