■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD NIMEROFSKY, Appellant. [909 NYS2d 656]—Appeal by the defendant from a judgment of the County Court, Putnam County

(Rooney, J.), rendered March 31, 2010, convicting him of driving while intoxicated under Vehicle and Traffic Law § 1192 (3), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his plea of guilty was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Moissett*, 76 NY2d 909, 910-911 [1990]; *People v Harris*, 61 NY2d 9, 16-17 [1983]; *People v Nixon*, 21 NY2d 338, 353 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]). To the extent that the defendant's contentions regarding any alleged ineffective assistance of counsel rest on matter outside the record, they are not reviewable on direct appeal (*see People v Ali*, 55 AD3d 919 [2008]; *People v Drago*, 50 AD3d 920 [2008]). Insofar as the contentions are reviewable, the defendant received meaningful representation (*see People v Drago*, 50 AD3d 920 [2008]; *People v Brooks*, 36 AD3d 929, 930 [2007]; *People v Grimes*, 35 AD3d 882 [2006]).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive (*see People v De Alvarez*, 59 AD3d 732 [2009]; *People v Fanelli*, 8 AD3d 296 [2004]; *People v Mejia*, 6 AD3d 630 [2004]; *People v Kazepis*, 101 AD2d 816 [1984]). In any event, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.