■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KULMATYCSKI, Appellant. [920 NYS2d 670]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered May, 27, 2008, convicting him of driving while intoxicated as a felony, aggravated unlicensed operation of a motor vehicle in the first degree, unlawful fleeing of a police officer in a motor vehicle in the third degree, resisting arrest, reckless driving in violation of Vehicle and Traffic Law § 1212, and speeding, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not voluntary is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Bell*, 47 NY2d 839, 840 [1979]; *People v Mullen*,

77 AD3d 686, 686 [2010]; *People v Bolton*, 63 AD3d 1087 [2009]; *People v Perez*, 51 AD3d 1043 [2008]; *People v Scoca*, 38 AD3d 801 [2007]). In any event, nothing that occurred during his allocution called into question the voluntariness of his plea (*see People v Seeber*, 4 NY3d 780, 781-782 [2005]; *People v Martinez*, 78 AD3d 966, 967 [2010]), and the record reflects that it was knowing, voluntary, and intelligent (*see People v Garcia*, 92 NY2d 869, 870 [1998]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Perry*, 60 AD3d 974 [2009]).

To the extent that the defendant's contentions regarding the effectiveness of his counsel involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Moss*, 74 AD3d 1360, 1360-1361 [2010]; *People v Bravo*, 72 AD3d 697, 698 [2010]). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, he received an advantageous plea and nothing in the record casts doubt on the effectiveness of counsel (*see People v Moss*, 74 AD3d at 1360-1361; *People v Rossetti*, 55 AD3d 637, 638 [2008]; *People v Hughes*, 62 AD3d 1026, 1026-1027 [2009]; *People v Boodhoo*, 191 AD2d 448, 448 [1993]).

Furthermore, "[s]ince the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive" (*People v Mejia*, 6 AD3d 630 [2004]; *see People v Nimerofsky*, 78 AD3d 735, 736 [2010]; *People v De Alvarez*, 59 AD3d 732, 733 [2009]; *People v Fanelli*, 8 AD3d 296 [2004]; *People v Kazepis*, 101 AD2d 816, 817 [1984]).

The defendant's remaining contentions in his pro se supplemental brief were forfeited by his plea of guilty. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.