■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON BRYAN REYNOLDS, Also Known as BRYAN REYNOLDS, Appellant. [925 NYS2d 553]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered September 25, 2009, convicting him of attempted murder in the second degree and assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was involuntary because the County Court advised him that the plea offer could be withdrawn if he wished additional time to retain new counsel is unpreserved for appellate review (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Kulmatycski*, 83 AD3d 734 [2011]; *People v Scivolette*, 80 AD3d 630, 631 [2011]; *People v McNair*, 79 AD3d 908, 909 [2010]). In any event, the record demonstrates that the defendant had nearly four months to consider the plea offer prior to the entry of his plea, and that during this period, the defendant was granted two adjournments because he had consulted with a new attorney whom he ultimately did not retain. Under these circumstances, the defendant's request for an adjournment to retain new counsel was a dilatory tactic, and the County Court's refusal to extend the availability of the plea offer in the event that proceedings were adjourned did not deprive the defendant of his right to counsel of his own choosing (*see People v Arroyave*, 49 NY2d 264, 271-272 [1980]; *People v Allison*, 69 AD3d 740, 741 [2010]; *People v Campbell*, 54 AD3d 959, 960 [2008]; *People v Plato*, 22 AD3d 507 [2005]). Furthermore, nothing that occurred during the plea allocution called into question the voluntariness of the defendant's plea (*see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Kulmatycski*, 83 AD3d 734 [2011]; *People v Martinez*, 78 AD3d 966, 967 [2010]).

The defendant's claim that the orders of protection issued in favor of the two shooting victims at sentencing were invalid because the County Court failed to articulate on the record its reasons for issuing the orders pursuant to CPL 530.13 (4) is unpreserved for appellate review (*see People v Nieves*, 2 NY3d 310 [2004]; *People v Decker*, 77 AD3d 675 [2010]; *People v*

*Kulyeshie*, 71 AD3d 1478, 1479 [2010]). In any event, CPL 530.13 (4) requires a court to state its reasons for issuing or declining to issue an order of protection at sentencing only where it has previously issued a temporary order of protection in favor of the crime victim, which is not the case here.

Contrary to the defendant's contention, the term of imprisonment imposed upon his conviction of attempted murder in the second degree was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.