THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN E. CREWS, Appellant. [938 NYS2d 475]—

The defendant knowingly, voluntarily, and intelligently waived his right to appeal at his plea allocution (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Muniz*, 91 NY2d 570 [1998]; *People v Seaberg*, 74 NY2d 1 [1989]). The fact that the defendant was advised of his right to appeal at the end of the sentencing proceeding did not vitiate his valid waiver of that right (*see People v Moissett*, 76 NY2d 909, 912 [1990]; *People v Charpentier*, 44 AD3d 680 [2007]; *People v Hubbard*, 26 AD3d 446 [2006]; *People v Manzullo*, 14 AD3d 717 [2005]).

The defendant's valid waiver of his right to appeal precludes review of his challenge to the factual sufficiency of his plea al-

locution (*see People v Hardee*, 84 AD3d 835 [2011]; *People v Brown*, 78 AD3d 723 [2010]; *People v Budden*, 77 AD3d 672 [2010]; *People v Johnson*, 73 AD3d 951 [2010]), and of his claim that his sentence was excessive (*see People v Ramos*, 7 NY3d at 738; *People v Hawthorne*, 85 AD3d 819 [2011]; *People v Benitez*, 84 AD3d 826, 827 [2011]; *People v Sorino*, 82 AD3d 911, 912 [2011]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.