■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WRIGHT, Appellant. [943 NYS2d 766]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered March 25, 2010, convicting him of attempted robbery in the first degree and resisting arrest, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was involuntary because the County Court failed to assign him new counsel is unpreserved for appellate review, since he withdrew his application prior to pleading guilty and did not move to vacate his plea prior to the imposition of sentence (*see* CPL 220.60 [3]; 470.05 [2]; *People v Clarke*, 93 NY2d 904, 905 [1999]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Reynolds*, 85 AD3d 825 [2011]; *People v Kulmatycski*, 83 AD3d 734, 735 [2011]; *People v Perez*, 51 AD3d 1043 [2008]). In any event, the defendant was not entitled to new assigned counsel since he failed to show good cause for the substitution, and the circumstances demonstrated that the application, which was made on

the day of the scheduled pretrial hearing, was merely a dilatory tactic (*see People v Sides*, 75 NY2d 822, 824 [1990]; *People v Arroyave*, 49 NY2d 264, 271 [1980]; *People v Medina*, 44 NY2d 199, 208 [1978]; *People v Reynolds*, 85 AD3d 825 [2011]; *People v Martin*, 41 AD3d 616 [2007]; *People v Plato*, 22 AD3d 507 [2005]). Furthermore, nothing that occurred during the plea allocution called into question the voluntariness of the defendant's plea (*see People v Seeber*, 4 NY3d 780, 781-782 [2005]; *People v Reynolds*, 85 AD3d 825 [2011]; *People v Kulmatycski*, 83 AD3d at 735; *People v Martinez*, 78 AD3d 966, 967 [2010]).

The defendant's valid waiver of the right to appeal precludes appellate review of his claim that he was deprived of the effective assistance of counsel, except to the extent that counsel's alleged ineffectiveness affected the voluntariness of his plea (*see People v Duah*, 91 AD3d 884 [2012]; *People v Williams*, 84 AD3d 1417, 1418 [2011]; *People v Yarborough*, 83 AD3d 875 [2011]). To the extent the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that the defendant received an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Yarborough*, 83 AD3d 875 [2011]; *People v Watt*, 82 AD3d 912, 912-913 [2011]; *People v Moss*, 74 AD3d 1360 [2010]). Moreover, the defendant acknowledged at the plea allocution that he was satisfied with his counsel's representation (*see People v Duah*, 91 AD3d at 885; *People v Watt*, 82 AD3d at 913; *People v Aguayo*, 73 AD3d 938, 939 [2010]).

The defendant's valid waiver of his right to appeal precludes review of his challenge to the sentence as excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Holman*, 89 NY2d 876 [1996]; *People v Seaberg*, 74 NY2d 1, 11 [1989]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.