█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN YOUNG, Appellant. [948 NYS2d 124]—

At the defendant's plea allocution, he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Muniz*, 91 NY2d 570, 575 [1998]; *People v Seaberg*, 74 NY2d 1, 9 [1989]). The fact that the defendant was advised of his right to appeal at the end of the sentencing proceeding did not vitiate his valid waiver of that right (*see People v Moissett*, 76 NY2d 909, 912 [1990]; *People v Crews*, 92 AD3d 795 [2012]; *People v Brown*, 26 AD3d 340, 341 [2006]; *People v Manzullo*, 14 AD3d 717 [2005]).

The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that the sentence imposed was excessive and that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Lopez*, 6 NY3d at 255; *People v Seaberg*, 74 NY2d at 9; *People v Watt*, 82 AD3d 912 [2011]; *People v Hughes*, 62 AD3d 1026 [2009]). To the extent that the defendant's claim of ineffective assistance of counsel does relate to the voluntariness of his plea, his claim is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel as it relates to the voluntariness of his plea (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for

reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.