■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASUAN C. FERNANDEZ, Appellant. [959 NYS2d 455]—Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered October 27, 2011, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant's claim of ineffective assistance of counsel in connection with the plea bargaining process generally survives a plea of guilty and valid waiver of the right to appeal (*see e.g. People v Gedin*, 46 AD3d 701 [2007]). Here, however, the defendant's contention that he did not receive the effective assistance of counsel is not reviewable on this appeal, because it is based, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]).

Although a claim that a plea of guilty was not entered voluntarily survives a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]), the defendant's contention that his plea was not entered voluntarily is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise this issue before the County Court (*see People v Perez*, 51 AD3d 1043 [2008]). In any event, the defendant's plea of guilty was entered voluntarily, knowingly, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.