Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered February 28, 2012, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of the defendant’s pro se motion to withdraw his plea of guilty.
Ordered that the judgment is affirmed.
The County Court did not improvidently exercise its discretion in denying, without a hearing, the defendant’s pro se motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty is addressed to the sound discretion of the County Court, and its determination generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60 [3]; People v Seeber, 4 NY3d 780 [2005]; People v Dazzo, 92 AD3d 796 [2012]; People v Caruso, 88 AD3d 809 [2011]; People v Amanze, 87 AD3d 1159 [2011]). The record establishes that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty after being informed of the rights he would be giving up by pleading guilty, and after having been expressly advised by the County Court that the promised sentence included a period of postrelease supervision (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Harris, 61 NY2d 9, 16-17 [1983]; People v McPherson, 60 AD3d 872 [2009]). Furthermore, *622 the record belies the defendant’s contention that defense counsel failed to inform him that his sentence would include postrelease supervision. In any event, defense counsel’s alleged failure to advise the defendant that his sentence would include postrelease supervision did not affect the defendant’s decision to plead guilty (see People v Melio, 6 AD3d 552, 553 [2004]).
The defendant validly waived his right to appeal. At the plea allocution, the County Court sufficiently advised the defendant of the nature of the right to appeal, and the record establishes that the defendant knowingly, voluntarily, and intelligently waived that right (see People v Lopez, 6 NY3d 248, 255 [2006]; cf. People v Bradshaw, 18 NY3d 257 [2011]). We note that the defendant signed a Rockland County pre-printed form waiver, which contained erroneous statements with regard to the waiver of the right to appeal. The written waiver incorrectly stated that the waiver of the right to appeal precludes review of any claim that the plea was not knowingly, voluntarily, and intelligently entered into (see People v Adams, 67 AD3d 819 [2009]; People v Rufa, 57 AD3d 697 [2008]; see also People v Seaberg, 74 NY2d 1, 10 [1989]), and any claim that the waiver of the right to appeal was not knowingly, voluntarily, and intelligently made (see People v Callahan, 80 NY2d 273, 280 [1992]). Although this written waiver set forth an overly broad explanation of the issues encompassed by the waiver of the right to appeal, that does not, standing alone, render the defendant’s waiver involuntary (see People v Pelaez, 100 AD3d 803, 804 [2012]). Nonetheless, a written waiver containing these inaccurate statements should not be utilized in future cases.
The defendant’s valid waiver of his right to appeal precludes appellate review of his contentions that the sentence imposed was excessive and that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Young, 97 AD3d 771 [2012]; People v Wright, 95 AD3d 1046, 1047 [2012]; People v Vargas, 52 AD3d 850, 851 [2008]). The defendant’s claim of ineffective assistance of counsel with respect to the plea bargaining process is based, in part, upon matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim[ ]’ of ineffective assistance” (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575, n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 *623 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Taylor, 98 AD3d 593, 594 [2012]; People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]). Dillon, J.P, Hall, Roman and Cohen, JJ., concur.