■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SALGADO, Appellant. [975 NYS2d 172]—

Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered August 3, 2011, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Batista*, 100 AD3d 650 [2012]). Although the defendant signed a Rockland County pre-printed form waiver, as we have previously stated, this form "contained erroneous statements with regard to the waiver of the right to appeal" and should not have been utilized (*People v Edmunson*, 109 AD3d 621, 622 [2013]). The Supreme Court's terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of his right to appeal. Further, the defendant never orally confirmed that he grasped the concept of the appeal waiver and the nature of the right he was forgoing (*see People v Bradshaw*, 18 NY3d at 267; *cf. People v Ramos*, 7 NY3d 737 [2006]; *People v Edmunson*, 109

AD3d 621 [2013]). Under these circumstances, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal.

The defendant's contentions that his plea of guilty was not knowingly, voluntarily, or intelligently made because his attorney coerced him and the Supreme Court failed to assign him new counsel are unpreserved for appellate review, since he did not move to vacate his plea prior to the imposition of sentence (*see People v Wright*, 95 AD3d 1046 [2012]; *People v Hammonds*, 91 AD3d 791 [2012]; *People v Reynolds*, 85 AD3d 825 [2011]). In any event, the defendant's contentions are without merit (*see People v Wright*, 95 AD3d 1046 [2012]; *People v Caruso*, 88 AD3d 809, 810 [2011]; *People v Jackson*, 87 AD3d 552, 553 [2011]). The court providently exercised its discretion in denying the defendant's request to substitute counsel, which was based on conclusory statements (*see People v Porto*, 16 NY3d 93, 99-100 [2010]; *People v Sides*, 75 NY2d 822, 824 [1990]; *People v Stevenson*, 36 AD3d 634 [2007]). Moreover, nothing that occurred during the plea allocution called into question the voluntariness of the defendant's plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]).

The defendant's contention that he was deprived of the effective assistance of counsel because his attorney failed, at sentencing, to argue mitigating factors in favor of a lesser sentence than that imposed is belied by the record (*see People v Rodriguez*, 98 AD3d 693 [2012]). Furthermore, the defendant's contention that he was deprived of the effective assistance of counsel because his attorney failed to pursue pretrial hearings is based, in part, on matter appearing on the record and, in part, on matter outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Since the defendant's mixed claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing this claim in its entirety (*see People v Evans*, 16 NY3d 571, 575 n 2 [2011]; *People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d 1108 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions have been forfeited by his plea of guilty (*see People v Hansen*, 95 NY2d 227, 230-231 [2000]; *People v Fernandez*, 67 NY2d 686, 688 [1986]; *People v Fernandez*, 103 AD3d 813 [2013]; *People v Gedin*, 46 AD3d 701 [2007]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.