*878 Contrary to the People’s contention, the record does not support the conclusion that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, since there is no indication that the defendant “understood the distinction between the right to appeal and other trial rights forfeited incident to [his] guilty pleats]” (People v Moyett, 7 NY3d 892, 893 [2006]; see People v Lopez, 6 NY3d 248, 257 [2006]; People v Jacob, 94 AD3d 1142, 1143-1144 [2012]).
However, the transcripts of the plea proceedings amply demonstrate that the defendant’s pleas of guilty were knowingly, voluntarily, and intelligently entered (see People v Wolven, 105 AD3d 782 [2013]; People v Elufe, 102 AD3d 982 [2013]; see generally People v Fiumefreddo, 82 NY2d 536, 543 [1993]). Moreover, by validly pleading guilty, the defendant forfeited his claim that he was denied his right to testify before the grand jury (see People v Benitez, 84 AD3d 826, 826-827 [2011]; People v Standley, 269 AD2d 614, 615 [2000]; People v Ferrara, 99 AD2d 257, 259 [1984]).
By pleading guilty, the defendant forfeited his claims of ineffective assistance of counsel which did not directly involve the plea bargaining process (see People v Opoku, 61 AD3d 705 [2009]). The defendant’s claim that he was deprived of the effective assistance of counsel with respect to the plea bargaining process is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance (see People v Edmunson, 109 AD3d 621, 622 [2013]; People v Maxwell, 89 AD3d 1108, 1109 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824, 825 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance, to the extent that it has not been forfeited by his plea of guilty, cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Edmunson, 109 AD3d at 623; People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Rivera, Leventhal and Chambers, JJ., concur.