■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI ROBINSON, Appellant. [40 NYS3d 909]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J., at plea; Warhit, J., at sentence), rendered January 15, 2015, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337, 341-342 [2015]; *People v Lopez*, 6 NY3d 248, 254-257 [2006]; *People v Brown*, 122 AD3d 133, 137-145 [2014]). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the factual sufficiency of the plea allocution (*see People v Clarke*, 124 AD3d 791 [2015]; *People v Devodier*, 102 AD3d 884 [2013]; *People v Crews*, 92 AD3d 795, 795-796 [2012]).

Moreover, the defendant's valid appeal waiver precludes appellate review of his claim that he was deprived of the effective assistance of counsel, except to the extent that counsel's alleged ineffective assistance affected the voluntariness of his plea (*see People v Young*, 97 AD3d 771 [2012]; *People v Watt*, 82 AD3d 912 [2011]). The defendant's contention that counsel's alleged ineffective assistance affected the voluntariness of his plea is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a mixed claim of ineffective assistance (*see People v Ross*, 113 AD3d 877, 878 [2014]; *People v Young*, 97 AD3d at 771; *People v McClurkin*, 96 AD3d 784, 785-786 [2012]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Ross*, 113 AD3d at 878; *People v Young*, 97 AD3d at 771; *People v McClurkin*, 96 AD3d at 785-786). Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.