People v Camacho (2019 NY Slip Op 03356)





People v Camacho


2019 NY Slip Op 03356


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-01286
 (Ind. No. 120/16)

[*1]The People of the State of New York, respondent,
v
Raymond Camacho, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 18, 2017, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). On December 16, 2016, he pleaded guilty to one count of criminal sale of a controlled substance in the third degree in exchange for a promised sentence of two years of imprisonment followed by two years of postrelease supervision. As part of the plea agreement, the defendant was asked to waive his right to appeal.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Lopez, 6 NY3d 248, 256-257).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Magnotta, 137 AD3d 1303). Nevertheless, the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's valid waiver of his right to appeal precludes appellate review of his claim that he was deprived of the effective assistance of counsel except to the extent that counsel's alleged ineffective assistance affected the voluntariness of his plea (see People v Young, 97 AD3d 771; People v Watt, 82 AD3d 912). To that extent, the defendant's claim is without merit, as the record demonstrates that the defendant's counsel provided him with meaningful representation (see People v Caban, 5 NY3d 143, 152; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's valid waiver of his right to appeal precludes appellate review of his [*2]contention that the sentence imposed was excessive (see People v Seaberg, 74 NY2d at 10).
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court