People v Arias (2019 NY Slip Op 07409)





People v Arias


2019 NY Slip Op 07409


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-02406
 (Ind. No. 1977/15)

[*1]The People of the State of New York, respondent,
v
Louis H. Arias, appellant.


Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Richard Buchter, J.), imposed February 11, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Although the Supreme Court misstated the law by informing the defendant that the appeal waiver would preclude him from challenging his competency or raising issues that might affect the voluntariness of his plea (see People v Seaburg, 74 NY2d 1, 10; People v Waldon, 157 AD3d 913, 914), the court's overly broad explanation of the issues encompossed by the waiver of the right to appeal does not, standing alone, render the waiver involuntary (see People v Pelaez, 100 AD3d 803; cf. People v Edmunson, 109 AD3d 621). The record otherwise demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257; People v Batista, 167 AD3d 69, 74). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
BALKIN, J.P., CHAMBERS, COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court