People v Webb (2019 NY Slip Op 07625)





People v Webb


2019 NY Slip Op 07625


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-11617
 (Ind. No. 1653/14)

[*1]The People of the State of New York, respondent,
v
Antonio S. Webb, appellant.


Matthew W. Brissenden, P.C., Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Brian Witthuhn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered May 17, 2017, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court sufficiently advised the defendant of the nature of the right to appeal, and the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bryant, 28 NY3d 1094, 1095-1096; People v Sanders, 25 NY3d 337, 341-342; People v Lopez, 6 NY3d 248; People v Edmunson, 109 AD3d 621, 622). We note that the written waiver form signed by the defendant contained erroneous statements with regard to the waiver of the right to appeal. While the written waiver's overly broad explanation of the issues encompassed by the waiver of the right to appeal, does not, standing alone, render the defendant's waiver involuntary, a written waiver containing these inaccurate statements should not be utilized in future cases (see People v Edmunson, 109 AD3d at 622; People v Pelaez, 100 AD3d 803, 804).
The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Seaberg, 74 NY2d 1, 9).
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court