■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BYRNE, Appellant. [829 NYS2d 75]—

Judgments, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered April 14, 2004, convicting defendant, upon his pleas of guilty, of reckless endangerment in the first degree and criminal possession of stolen property in the fourth degree,

and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 2 to 4 years, respectively, unanimously affirmed.

Regardless of whether defendant made a valid waiver of his right to appeal, his claims are reviewable to the extent they affect the voluntariness of his plea (*see People v Seaberg*, 74 NY2d 1, 10 [1989]). However, since defendant did not move to withdraw his plea, and since this case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]), his challenge to the validity of his plea is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would conclude that defendant's plea was knowing, intelligent and voluntary, and that there was nothing in the plea allocution that cast significant doubt on his guilt (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Toxey*, 86 NY2d 725 [1995]). The court's discussion of defendant's possible sentencing exposure in the event of a conviction after trial was not coercive (*see e.g. People v Pagan*, 297 AD2d 582 [2002], *lv denied* 99 NY2d 562 [2002]). Although, at sentencing, defendant asserted his innocence, he did not move to withdraw the plea, and there was no reason for the court to conduct a further inquiry (*see e.g. People v Riley*, 264 AD2d 689 [1999], *lv denied* 94 NY2d 906 [2000]).

We have considered and rejected defendant's remaining claims, including his meritless request for resentencing to "time served." Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.