■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDY DECKER, Appellant. [908 NYS2d 361]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered September 15, 2009, convicting her of course of sexual conduct against a child in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant failed to move to withdraw her plea prior to sentencing, her current contention that her plea was not knowingly, voluntarily, and intelligently entered has not been preserved for appellate review (*see* CPL 470.05 [2]; *People v Antoine*, 59 AD3d 560 [2009]; *People v Castillo-Cordero*, 54 AD3d 1054 [2008]; *People v Bevins*, 27 AD3d 572 [2006]; *People v Martin*, 7 AD3d 640 [2004]). In any event, the record demonstrates that her plea of guilty was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Moissett*, 76 NY2d 909, 910-911 [1990]; *People v Harris*, 61 NY2d 9, 16 [1983]; *People v Nixon*, 21 NY2d 338 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]).

The defendant's contention that the permanent order of protection is invalid because the County Court failed to articulate on the record its reasons for issuing the order pursuant to CPL 530.13 (4) is unpreserved for appellate review, since the defendant did not raise this issue at sentencing or move to amend the final order of protection on this ground (*see People v Nieves*, 2 NY3d 310 [2004]; *People v Kulyeshie*, 71 AD3d 1478 [2010]). Similarly, the defendant's further claim that the County Court erred in failing to advise her that by pleading guilty she was required under the Sex Offender Registration Act (Correction Law art 6-C) to register as a sex offender is unpreserved for appellate review, since she did not move to withdraw her plea (*see People v Torres*, 54 AD3d 976 [2008]). Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.