■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMED KHAN, Appellant. [955 NYS2d 409]

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the duration of the orders of protection issued against him exceeded the maximum permissible period is unpreserved for appellate review because the defendant did not raise this issue at sentencing or move to amend the final orders of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]; *People v Remington*, 90 AD3d 678, 679 [2011]; *People v Peterkin*, 27 AD3d 666, 667 [2006]). Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.