—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), rendered February 26, 2008, convicting him of unlawful surveillance in the second degree (three counts), *842 endangering the welfare of a child, and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the Supreme Court should not have issued an order of protection in favor of his children is unpreserved for appellate review because the defendant failed to object to the order of protection at sentencing or move to amend the order on this ground (see CPL 470.05 [2]; see also People v Nieves, 2 NY3d 310, 316-318 [2004]; People v Khan, 101 AD3d 903 [2012]; People v Remington, 90 AD3d 678, 679 [2011]; People v Foster, 87 AD3d 299, 304 [2011]; People v Decker, 77 AD3d 675 [2010]; People v Johnson, 16 AD3d 521, 522 [2005]). Dillon, J.P, Chambers, Hall and Hinds-Radix, JJ., concur.