# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**551**

**KA 10-01753**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

JAMES A. MCCOY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered July 1, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), defendant correctly contends that his waiver of the right to appeal was invalid. Although defendant concedes that he signed a written waiver of his right to appeal, "there was no colloquy between County Court and defendant regarding the waiver of the right to appeal to ensure that it was knowingly, voluntarily and intelligently entered" (*People v Carno*, 101 AD3d 1663, 1664, *lv denied* 20 NY3d 1060; *see People v Callahan*, 80 NY2d 273, 283; *People v Grant*, 83 AD3d 862, 862-863, *lv denied* 17 NY3d 795).

Defendant further contends that the permanent order of protection is invalid because the court failed to articulate on the record its reasons for issuing the order pursuant to CPL 530.12 (5). Although that contention is properly before us in light of defendant's invalid waiver of the right to appeal, we conclude that it is not preserved for our review inasmuch as defendant failed to object to the order of protection at sentencing (*see People v Decker*, 77 AD3d 675, 675, *lv denied* 15 NY3d 952; *see also People v Nieves*, 2 NY3d 310, 316), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court