■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MORRISOHN, Appellant. [975 NYS2d 350]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered January 13, 2012, convicting him of attempted burglary in the second degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 3½ years plus a period of five years of postrelease supervision. The appeal brings up for review a permanent order of protection issued at the time of sentencing.

Ordered that the judgment is modified, on the law, by vacating the period of five years of postrelease supervision; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for the imposition of an appropriate period of postrelease supervision in accordance with Penal Law § 70.45 (2) (e).

Although the defendant's contention concerning the duration of the order of protection survives his valid waiver of his right to appeal (*see People v Cedeno*, 107 AD3d 734 [2013], *lv denied* 21 NY3d 1041 [2013]), the defendant failed to preserve this contention for appellate review (*see id.*; CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]). We decline to review it in the exercise of our interest of justice jurisdiction (*see People v Cedeno*, 107 AD3d at 734).

As the defendant contends and the People correctly concede, the period of postrelease supervision imposed at sentencing exceeds the statutory maximum (*see* Penal Law § 70.45 [2] [e]). Accordingly, we remit the matter to the County Court, Orange County, for the imposition of an appropriate period of postrelease supervision in accordance with Penal Law § 70.45 (2) (e). Eng, P.J., Angiolillo, Balkin and Hall, JJ., concur.