■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FORTIER, Appellant. [12 NYS3d 283]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered July 1, 2014, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Brown, 122 AD3d 133, 136 [2014]). "An appellate waiver meets this standard when a defendant has 'a full appreciation of the consequences' of such waiver" (People v Bradshaw, 18 NY3d at 264, quoting People v Seaberg, 74 NY2d 1, 11 [1989]; see People v Elmer, 19 NY3d 501, 510 [2012]; People v Brown, 122 AD3d at 136).

Further, an appeal waiver is the intentional and voluntary

relinquishment or abandonment of "a known right that would otherwise survive a guilty plea" (*People v Lopez*, 6 NY3d at 257; *People v Brown*, 122 AD3d at 137). It is the responsibility of the judge presiding over the plea and waiver to make it clear to the defendant that an appeal waiver " 'is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Bradshaw*, 18 NY3d at 264, quoting *People v Lopez*, 6 NY3d at 256; *see People v Brown*, 122 AD3d at 137). "Thus, an appeal waiver is not valid where, for example, the court lumps the waiver of the right to appeal in with 'the panoply of trial rights automatically forfeited upon pleading guilty,' such as by misadvising the defendant: '[W]hen you plead guilty you waive your right to appeal' " (*People v Brown*, 122 AD3d at 137, quoting *People v Lopez*, 6 NY3d at 257).

Here, at the plea proceeding, the County Court advised the defendant that, "[b]y pleading guilty, sir, you waive, you give up your right—by pleading guilty you're telling everyone in the world that you are waiving and giving up your right to seek appellate review of decisions by Judges on your case." Under these circumstances, notwithstanding the defendant's execution of a written waiver, the purported waiver of the right to appeal was invalid and, thus, does not preclude review of his claim that his sentence was excessive. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention that the final order of protection is invalid because the County Court failed to articulate on the record its reasons for issuing the order pursuant to CPL 530.13 (4) is unpreserved for appellate review, since the defendant did not raise this issue at sentencing or move to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]; *People v Sweeney*, 106 AD3d 841, 842 [2013]; *People v Reynolds*, 85 AD3d 825 [2011]; *People v Decker*, 77 AD3d 675 [2010]). Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.