THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE MAY, Appellant. [30 NYS3d 327]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cacace, J.), rendered May 27, 2014, convicting him of attempted course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty was not knowing, voluntary, or intelligent because the Supreme Court failed to advise him of all of his constitutional rights under *Boykin v Alabama* (395 US 238 [1969]), and because there was no indication in the record that he consulted with his attorney about the consequences of the plea. While the defendant validly waived his right to appeal (*see People v Sanders*, 25 NY3d 337 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]), his contentions concerning the voluntariness of his plea of guilty survive his appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Murphy*, 114 AD3d 704, 705 [2014]; *People v Joseph*, 103 AD3d 665 [2013]). However, this issue is unpreserved for appellate review, since the defendant failed to move to vacate his plea prior to the imposition of sentence or otherwise raise the issue in the Supreme Court (*see People v Sirico*, 135 AD3d 19, 22 [2015]; *People v Isaiah S.*, 130 AD3d 1081, 1081-1082 [2015]; *People v Bennett*, 122 AD3d 871, 872 [2014]). In any event, the defendant's contentions are belied by the record. The record reveals that the court advised the defendant of his *Boykin* rights and other constitutional rights he was forfeiting by pleading guilty (*see People v Sirico*, 135 AD3d at 22; *People v Isaiah S.*, 130 AD3d at 1082; *People v Jackson*, 114 AD3d 807, 807-808 [2014]). Furthermore, the defendant acknowledged that he had sufficient time to discuss this matter with his attorney, and the defendant's attorney acknowledged that he had discussed certain potential consequences of the plea of guilty with the defendant. We find that the record as a whole affirmatively demonstrates that the defendant entered his plea of guilty knowingly and voluntarily (*see People v Conceicao*, 26 NY3d 375, 382-383 [2015]; *People v Harris*, 61 NY2d 9, 19-20 [1983]).

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (*see People v Seaberg*, 74 NY2d at 9).

The defendant's contentions concerning so much of an order of protection issued at the time of sentencing as was in favor of his biological children survive his appeal waiver (*see People v Kumar*, 127 AD3d 882, 883 [2015]; *People v Sabo*, 117 AD3d 1089 [2014]; *People v Lilley*, 81 AD3d 1448 [2011]). However, the defendant failed to preserve for appellate review his contention that the Supreme Court should not have issued so much of the order of protection as was in favor of his biological children because he failed to object to the order of protection at sentencing or move to amend the order on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]; *People v O'Connor*, 136 AD3d 945 [2016]; *People v Sweeney*, 106 AD3d 841, 842 [2013]; *People v Khan*, 101 AD3d 903 [2012]). In any event, the inclusion of the defendant's biological children in the order of protection was authorized by CPL 530.13 (4) (B), and was appropriate, since they were members of the victim's family and household (*see People v Warren*, 280 AD2d 75, 77 [2001]). Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.