The People of the State of New York, Respondent,
against
Richard Mouzakes, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Tricia M. Ferrell, J.), rendered August 18, 2014. The judgment convicted defendant, upon his plea of guilty, of petit larceny.




ORDERED that the judgment of conviction is affirmed.
On August 18, 2014, defendant pleaded guilty in the District Court of Nassau County to petit larceny (Penal Law § 155.25) in connection with a March 8, 2014 incident at a Home Depot store, during which defendant replaced the bar codes from 20 pieces of molding he took from the lumber aisle, that cost a total of $790.47, with bar codes that reduced the cost thereof to a total of $49.53. Defendant's actions were observed by a Home Depot loss prevention officer.
On August 18, 2014, defendant was arrested and charged with grand larceny in the third degree (Penal Law § 155.35 [1]), a class D felony, in Suffolk County, in connection with a different incident. It is undisputed that defendant had been incarcerated from March 8, 2014, until his appearance in the Nassau County District Court on August 18, 2014, at which he pleaded guilty to the Nassau County charge of petit larceny.
At the plea proceeding, defendant agreed to waive his right to appeal the plea and sentence. During the allocution, defendant stated to the court that he had a "hold" in Suffolk County, and asked, in effect, if his sentence in Nassau County could "run concurrent" with his Suffolk County case. The court told defendant to "[t]alk to your attorney." After a brief pause, defendant agreed that no one had forced or coerced him to plead guilty to the Nassau County charge. After accepting defendant's guilty plea, the court sentenced defendant to time served.
The District Court did not explain to defendant that a waiver of the right to appeal is separate and distinct from the rights that are automatically forfeited upon a plea of guilty. Thus, the record does not demonstrate that defendant grasped the concept of the waiver of the right to appeal (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Seaberg, 74 NY2d 1, 11 [1989]; People v Bookman, 131 AD3d 1258, 1259 [2015]; People v Fortier, 130 AD3d 642, 642-643 [2015]). Consequently, despite defendant's "experience and background" (People v Sanders, 25 NY3d 337, 341 [2015]), including a lengthy criminal history, defendant's waiver of his right to appeal was invalid. 
However, defendant's claim on appeal, that his plea was not voluntary, is without merit. [*2]Contrary to his contention, defendant did not make a "counteroffer" to the District Court, that he was willing to accept the Nassau County plea only if it covered his Suffolk County "hold." To the extent defendant may have sought to have his Nassau County plea "cover" his Suffolk County felony charge, the District Court lacked jurisdiction over that charge (see People v Correa, 15 NY3d 213, 229-230 [2010]). Moreover, the District Court did not ignore defendant's request regarding the Suffolk County "hold." Instead, the court told defendant to speak to his attorney. After a brief pause, defendant completed the allocution and the plea without mentioning the "hold" again. Thus, the plea was entered voluntarily, knowingly and intelligently (see People v Tyrell, 22 NY3d 359, 365 [2013]; People v Haffiz, 19 NY3d 883, 884 [2012]).
Defendant's remaining claim is based on speculation and matter that is dehors the record.
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., Iannacci and Brands, JJ., concur.
Decision Date: June 29, 2016