■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR MACK, Appellant. [37 NYS3d 903]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Gubbay, J.), imposed September 15, 2014, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid because, among other things, the Supreme Court's oral colloquy improperly conflated the right to appeal with the rights automatically forfeited by a guilty plea (*see People v Flores*, 139 AD3d 753, 753 [2016]; *People v Wells*, 135 AD3d 976, 976 [2016]).

Nevertheless, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Austin, Roman, Maltese and Duffy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL MITCHELL, Appellant. [37 NYS3d 908]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopresto, J.), rendered July 14, 2015, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the first degree upon his plea of guilty. On his appeal from the judgment of conviction, the defendant contends that an order of protection, which was issued upon his conviction, should be vacated. Contrary to the People's contention, the order of protection is reviewable on appeal, as it is "among the orders and rulings that a defendant may challenge in an appeal from the judgment of conviction" (*People v Nieves*, 2 NY3d 310, 315 [2004]). However, the defendant failed to preserve for appellate review his challenge to the order of protection (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d at 316-318; *People v May*, 138 AD3d 1146, 1147 [2016]; *People v O'Connor*, 136 AD3d 945 [2016]; *People v Sweeney*, 106 AD3d 841, 842 [2013]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction. Eng, P.J., Dillon, Sgroi, Miller and Brathwaite Nelson, JJ., concur.