■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WHITE, Appellant. [40 NYS3d 918]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered July 10, 2015, convicting him of burglary

in the second degree and petit larceny, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court and the People failed to comply with CPL 400.21 before he was sentenced as a second felony offender is unpreserved for appellate review, since the defendant did not move to vacate his plea or otherwise raise this issue in the sentencing court (*see People v Laterza*, 129 AD3d 1105, 1105 [2015]; *People v Brown*, 123 AD3d 732, 732 [2014]; *see also People v Jurgins*, 26 NY3d 607, 612 [2015]; *People v Proctor*, 79 NY2d 992, 994 [1992]; *People v Smith*, 73 NY2d 961, 962 [1989]). Under the circumstances of this case, we decline to review this contention in the exercise of our interest of justice jurisdiction.

The defendant's contentions concerning the order of protection issued at the time of sentencing are unpreserved for appellate review, since the defendant did not raise these issues at sentencing or move to amend the final order of protection on these grounds (*see People v Nieves*, 2 NY3d 310, 316-317 [2004]; *People v Bernardini*, 142 AD3d 671, 671 [2016]; *People v O'Connor*, 136 AD3d 945, 945 [2016]; *People v Fortier*, 130 AD3d 642, 643 [2015]; *People v Decker*, 77 AD3d 675, 675 [2010]). The defendant similarly failed to preserve for appellate review his contentions that his plea was not voluntary, knowing, and intelligent due to the Supreme Court's failure to advise him, at the time of his plea, that an order of protection would be imposed upon him at sentencing (*see People v Deal*, 115 AD3d 975, 976 [2014]; *People v Dixon*, 16 AD3d 517, 517 [2005]). Under the circumstances of this case, we decline to review these contentions in the exercise of our interest of justice jurisdiction. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.