■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA THOMAS, Appellant. [47 NYS3d 715]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered July 10, 2015, convicting her of grand larceny in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant validly waived her right to appeal (*see People v Sanders*, 25 NY3d 337 [2015]; *People v Lopez*, 6 NY3d 248, 254 [2006]). The defendant contends that her plea of guilty was not knowing, voluntary, or intelligent because the County Court failed to advise her of all of her constitutional rights under *Boykin v Alabama* (395 US 238 [1969]). Although this contention survives her valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v May*, 138 AD3d 1146, 1146 [2016]), it is unpreserved for appellate review, since the defendant failed to move to vacate her plea prior to the imposition of sentence or otherwise raise the issue before the County Court (*see* CPL 470.05 [2]; *People v May*, 138 AD3d at 1146; *People v Jackson*, 114 AD3d 807, 807 [2014]; *People v Folger*, 110 AD3d 736 [2013]). We decline to review this issue in the exercise of our interest of justice jurisdiction (*see People v Bernardini*, 142 AD3d 671 [2016]).

The defendant's contention that she was improperly adjudicated a second felony offender is precluded by her valid appeal waiver, inasmuch as her challenge goes to the County Court's compliance with procedures to determine the defendant's predicate felony status, rather than the legality of the sentence itself (*see People v Hicks*, 134 AD3d 854 [2015]). Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.