■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL WATSON, Appellant. [59 NYS3d 570]—

Garry, J.P. Appeal, by permission, from an order of the County Court of Rensselaer County (Ceresia, J.), entered August 18, 2014, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a weapon in the second degree, after a hearing.

In August 2012, defendant was driving a vehicle containing four other individuals when the City of Troy Police Department conducted a traffic stop. As relevant here, defendant and the four passengers were thereafter each charged with criminal possession of a weapon in the second degree arising from a loaded revolver that was found on the back seat of the vehicle, and defendant was charged with criminal possession of a controlled substance in the seventh degree for cocaine found on his person. In February 2013, defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of the charges against him and was sentenced to five years in prison followed by five years of postrelease supervision. Defendant later filed a CPL 440.10 motion to vacate his judgment alleging, among other things, that defense counsel had provided ineffective assistance. County Court denied the motion following a hearing. Defendant appeals.

We affirm. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (*People v Nieves*, 89 AD3d 1285, 1286 [2011] [internal quotation marks and citations omitted]; *see People v Dickson-Eason*, 143 AD3d 1013, 1014 [2016], *lv denied* 28 NY3d 1123 [2016]; *People v*

*Briggs*, 138 AD3d 1355, 1356 [2016], *lv denied* 28 NY3d 927 [2016]). Here, defense counsel successfully argued for the suppression of the cocaine evidence and negotiated a favorable plea deal for defendant. As a second felony offender, defendant faced a possible maximum prison term of 5 to 15 years followed by five years of postrelease supervision if he had been found guilty at trial (*see* Penal Law §§ 70.02 [1] [b]; 70.06 [6] [b]; 70.45 [2]; 265.03). Counsel negotiated an offer that allowed him to plead guilty in exchange for the statutory minimum sentence (*see* Penal Law §§ 70.06 [6] [b]; 70.45 [2]; *People v Beekman*, 134 AD3d 1355, 1357 [2015], *lv denied* 27 NY3d 992 [2016]).

Consistent with his testimony at the hearing, defendant argues upon appeal that defense counsel failed to inform him of the relevant statutory presumption of constructive possession and, further, to apprise him of a statement made by codefendant Robert Davis Jr., in which Davis informed the police that the revolver found in the back seat was his. Defendant claims that he lacked knowledge of this statement. However, in support of his motion, defendant submitted an affidavit in which he admits that defense counsel informed him of the statutory presumption. Relative to the statement by Davis, defendant asserted that he told his counsel about Davis' statement, but counsel failed to seek it out. Defense counsel testified at the hearing that, although he did not view the video of Davis' statement until immediately after defendant's plea, he learned the substance of Davis' statement through Davis' counsel and discussed the same with defendant prior to the guilty plea. Defense counsel also testified that his advice to defendant would not have changed had he viewed the video earlier. Finally, counsel asserted that he had informed defendant of the statutory presumption applicable in this case.

Noting that defendant's testimony contradicted, in part, his sworn affidavit, and deferring to County Court's credibility determinations (*see People v Bodah*, 67 AD3d 1195, 1196 [2009], *lv denied* 14 NY3d 838 [2010]), we find that defendant was afforded meaningful representation (*see People v Dickson-Eason*, 143 AD3d at 1014-1015). We further note that defendant stated at the time of the plea that he was satisfied with defense counsel's representation, and that he entered into the plea voluntarily. Under these circumstances, we find that defendant fails to provide any basis for vacating the plea (*see People v Farnsworth*, 140 AD3d 1538, 1540 [2016]; *People v Briggs*, 138

AD3d at 1356; *People v Wren*, 119 AD3d 1291, 1292 [2014], *lv denied* 24 NY3d 1048 [2014]).*

Egan Jr., Lynch, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.

---

* Another codefendant made a similar statement, also claiming possession of the weapon found in the back seat. The record reveals that defendant was aware of that statement before entering his plea.