McCarthy, J.P.
 

 Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 15, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
 

 Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal possession of a controlled substance in the third degree. In satisfaction thereof, he pleaded guilty to attempted criminal possession of a controlled substance in the third degree without any agreement being made as to sentence. Sentencing was adjourned for six months, during which time defendant was charged with another similar crime. He was ultimately sentenced to three years in prison and two years of postrelease supervision. He now appeals.
 

 Defendant contends that his counsel was ineffective because he did not set forth on the record the mitigating factors that County Court should have considered with respect to sentencing. Although defense counsel did not specifically enumerate the mitigating factors at sentencing, he brought them to County Court’s attention during the plea proceedings and advocated for the imposition of a one-year jail term. Moreover, pertinent information concerning defendant’s past, including his substance abuse history, was set forth in the presentence investigation report provided to the court. In view of this, and considering that defendant received a favorable plea agreement exposing him to less prison time than he could have received had he been convicted after trial, we find that he was afforded meaningful representation (see People v Watson, 152 AD3d 1059, 1060 [2017], lv denied 30 NY3d 954 [2017]; People v Case, 139 AD3d 1239, 1240 [2016], lv denied 28 NY3d 928 [2016]). Given defendant’s prior convictions, his commission of another drug-related, offense while awaiting sentencing and the fact that no particular sentence was promised as part of the plea agreement, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Mondolfi, 309 AD2d 975, 975 [2003]).
 

 Lynch, Devine, Clark and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.