People v Powell (2018 NY Slip Op 01338)





People v Powell


2018 NY Slip Op 01338


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-09211
 (Ind. No. 8013/15)

[*1]The People of the State of New York, respondent,
v
Devon Powell, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Slevin of counsel; Masha Simonova on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (James P. Sullivan, J.), rendered July 15, 2016, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 265; People v Rennick, 123 AD3d 1146; People v Reyes, 121 AD3d 820; People v Coleman, 116 AD3d 708) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). The defendant's contention that certain orders of protection, which were issued upon his conviction, should be vacated, is unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-318; People v Mitchell, 142 AD3d 1185; People v O'Connor, 136 AD3d 945), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.
SCHEINKMAN, P.J., RIVERA, AUSTIN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court