People v Guynup (2018 NY Slip Op 01961)





People v Guynup


2018 NY Slip Op 01961


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

107780

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JASON GUYNUP, Appellant.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Mark Diamond, Albany, for appellant.
Joel E. Abelove, District Attorney, Troy (Vincent J. O'Neill of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered August 26, 2013, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from a order of said court (Young, J.), entered February 10, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In full satisfaction of a nine-count indictment, defendant pleaded guilty to murder in the second degree in exchange for a prison term of 20 years to life. The indictment stemmed from an incident in which defendant — while the victim's sister, defendant's two young children and another child were present in
the victim's home — stabbed the victim (his girlfriend) to death with a knife. As part of the plea agreement, defendant was required to waive his right to appeal and full, final, stay-away orders of protection would be issued against defendant in favor of, among others, his two children. Consistent with the terms of the plea agreement, defendant subsequently pleaded guilty to murder in the second degree, and County Court (Ceresia, J.) sentenced defendant to the agreed-upon prison term. Defendant then filed a pro se motion pursuant to CPL 440.10 to vacate his conviction upon the ground that he had received the ineffective assistance of counsel. County Court (Young, J.) denied the motion without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.
Regardless of the validity of defendant's waiver of the right to appeal (see People v [*2]Leach, 26 NY3d 1154, 1154 [2016]; People v Byrne, 37 AD3d 179, 180 [2007]), his challenge to the factual sufficiency of his plea is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Smith, 155 AD3d 1244, 1245 [2017]; People v Terrell, 123 AD3d 1341, 1341-1342 [2014], lv denied 25 NY3d 953 [2015]), and the narrow exception to the preservation requirement was not triggered (see People v Mydosh, 117 AD3d 1195, 1196 [2014], lv denied 24 NY3d 963 [2014]; People v Durham, 110 AD3d 1145, 1145 [2013]). Additionally, notwithstanding the fact that the indictment contained a clerical error,[FN1] the record makes clear that defendant was charged with and pleaded guilty to intentional murder (see People v Jackson, 128 AD3d 1279, 1279-1280 [2015], lv denied 26 NY3d 930 [2015]), and such error did not deprive defendant of fair notice of the charge against him (see id. at 1279-1280; People v Ashley, 89 AD3d 1283, 1285 [2011], lv denied 18 NY3d 955 [2012]; People v Sterling, 27 AD3d 950, 951-952 [2006], lv denied 6 NY3d 898 [2006]). Finally, defendant's challenge to the permanent orders of protection entered in favor of, among others, his children is unpreserved for our review given defendant's failure to make a timely objection before the sentencing court or move to amend the orders (see People v Nieves, 2 NY3d 310, 316-317 [2004]; People v White, 144 AD3d 1057, 1058 [2016], lv denied 29 NY3d 953 [2017]; People v McCoy, 107 AD3d 1454, 1454-1455 [2013], lv denied 22 NY3d 957 [2013]; People v Decker, 77 AD3d 675, 675 [2010], lv denied 15 NY3d 952 [2010]), and we decline defendant's request to take corrective action in the interest of justice.
Defendant's related challenge to the voluntariness of his plea — an assertion that arises in the context of his CPL 440.10 motion and is premised upon the ineffective assistance of counsel — is equally unavailing. Preliminarily, we cannot say that County Court erred in denying defendant's motion without a hearing (see CPL 440.30 [4] [d]). The affidavit tendered by defendant's mother in support of the motion, wherein she purports to attest to what transpired during conversations between defendant and counsel, is devoid of evidentiary value; nowhere in the affidavit does defendant's mother state that she was present for such conversations and, hence, her affidavit is premised largely upon hearsay (see generally People v Jimenez, 142 AD3d 149, 156 [2016]). Accordingly, County Court was left with nothing but defendant's self-serving assertions that he was denied the effective assistance of counsel (see People v Lewis, 138 AD3d 1346, 1349 [2016], lv denied 28 NY3d 1073 [2016]).
"In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Brown, 154 AD3d 1004, 1006 [2017] [internal quotation marks and citations omitted]; accord People v Watson, 152 AD3d 1059, 1059 [2017], lv denied 30 NY3d 954 [2017]; People v Driscoll, 147 AD3d 1157, 1158 [2017], lv denied 29 NY3d 1078 [2017]). Here, defense counsel's firm made appropriate pretrial motions (see People v Brown, 154 AD3d at 1006) and counsel secured an advantageous plea for defendant (see People v Rapp, 154 AD3d 1007, 1009 [2017]). Defendant also indicated during his plea colloquy that he had been afforded sufficient time to confer with counsel and was satisfied with counsel's services. Defendant's belated assertion that he had a viable intoxication or extreme emotional disturbance defense that, in turn, defense counsel failed to adequately discuss or explore, is premised upon unsubstantiated comments made by defendant during his presentence interview with the Probation Department, wherein defendant claimed that he was unable to recall [*3]much of what had transpired on the night of the murder due to ingesting a combination of Xanax, alcohol and marihuana. Although subsequent testing did reveal that defendant had certain drugs in his system on the night in question, such proof falls short of establishing that defendant possessed — and counsel ignored — a viable intoxication defense (see People v Robetoy, 48 AD3d 881, 882-883 [2008]); we reach a similar conclusion with respect to defendant's claim that his claimed depression and anxiety gave rise to a viable extreme emotional disturbance defense. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: The indictment, which incorrectly referenced Penal Law
§ 125.25 (2), depraved indifference murder, rather than Penal Law § 125.25 (1), intentional murder, nonetheless accused defendant of causing the victim's death with the intent to do so.