People v Manley (2018 NY Slip Op 08581)





People v Manley


2018 NY Slip Op 08581


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

109103

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DUJON MANLEY, Appellant.

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant, and appellant pro se.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal, by permission, from an order of the County Court of Warren County (Hall Jr., J.), entered January 31, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the third degree, after a hearing.
In July 2014, defendant, a noncitizen of the United States, was charged with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. Following plea negotiations, he pleaded guilty to one count of criminal possession of a controlled substance in the third degree, waived his right to appeal and received a sentence of three years in prison, followed by two years of postrelease supervision. At the time of the plea, defendant had overstayed his legal right to be in the United States. In 2015, after deportation proceedings were commenced against him, defendant moved pro se to vacate the judgment of conviction pursuant to CPL 440.10, contending, as pertinent here, that his plea was involuntary because counsel had ineffectively represented him by misinforming him of the deportation consequences of his plea. Following a hearing, County Court denied the motion. By permission of this Court, defendant now appeals.
Initially, insofar as defendant's ineffective assistance claim implicates the voluntariness of his plea, such claim survives his unchallenged appeal waiver and was preserved by his pro se postallocution motion (see People v Abraham, 165 AD3d 1318, 1319 [2018]). Defendant focuses upon an ineffective assistance of counsel claim under the Federal Constitution that, in the guilty plea context, requires him to demonstrate that counsel's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (Hill v Lockhart, 474 US 52, 59 [1985]; see US [*2]Const 6th Amend; Strickland v Washington, 466 US 668, 687 [2013]; People v Hernandez, 22 NY3d 972, 974-975 [2013], cert denied 572 US 1070 [2014]).
At the hearing, defendant and his wife testified that counsel told them that the "best" or "only" option for defendant was to accept the plea offer because, even if he went to trial and was acquitted of the charges, he would not avoid deportation. Defendant claimed that his only concern was deportation and that he did not care about the risk of a long prison term. Counsel testified that he advised defendant that, regardless of whether he pleaded guilty to criminal sale of a controlled substance in the third degree or criminal possession of a controlled substance in the third degree, it was "[m]ore than likely" that he would be deported. He also testified that he informed defendant that, if convicted after trial, he would be sentenced to a prison term of up to 18 years. Counsel did not recall telling defendant that he would be deported even if he were acquitted of the charges. According to counsel, although there would be proceedings regarding defendant's immigration status, this circumstance would be a "different ball game," as defendant would not have been convicted of crimes subjecting him to removal under federal law. Deferring to County Court's credibility determinations (see People v Watson, 152 AD3d 1059, 1060 [2017], lv denied 30 NY3d 954 [2017]), we find that counsel fulfilled his obligations under Padilla v Kentucky (559 US 356, 374 [2010]) and that defendant's plea was voluntary. Accordingly, County Court did not abuse its discretion when it denied defendant's CPL 440.10 motion.
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the order is affirmed.