People v Castillo (2019 NY Slip Op 05993)





People v Castillo


2019 NY Slip Op 05993


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-11869
 (Ind. No. 3412/17)

[*1]The People of the State of New York, respondent,
v
Victor Castillo, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered September 28, 2017, convicting him of unauthorized use of a vehicle in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions concerning the validity of one of the two orders of protection issued at the time of sentencing survive his appeal waiver (see People v Gibson-Parish, 153 AD3d 1273; People v Bernardini, 142 AD3d 671; People v Kumar, 127 AD3d 882; People v Smith, 112 AD3d 759; People v Morrisohn, 111 AD3d 853; People v Cedeno, 107 AD3d 734). However, the defendant's contentions regarding that order of protection are unpreserved for appellate review (see People v Nieves, 2 NY3d 310; People v Gibson-Parish, 153 AD3d 1273; People v Mitchell, 142 AD3d 1185; People v Bernardini, 142 AD3d 671; People v May, 138 AD3d 1146; People v O'Connor, 136 AD3d 945; People v Hunter, 135 AD3d 958; People v Fortier, 130 AD3d 642), and we decline to review them in the exercise of our interest of justice jurisdiction. "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [final orders of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317).
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court