People v Moses (2020 NY Slip Op 04326)





People v Moses


2020 NY Slip Op 04326


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-09414
2016-09415

[*1]The People of the State of New York, respondent,
v
Mathew Moses, appellant. (Ind. Nos. 5898/14, 9804/14)


Janet E. Sabel, New York, NY (Kristina Schwartz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Cindy Horowitz of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Joseph E. Gubbay, J.), both rendered July 18, 2016, convicting him of grand larceny in the fourth degree under Indictment No. 5898/14, and robbery in the first degree under Indictment No. 9804/14, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant was charged under two separate indictments with various crimes that occurred on two separate dates. The defendant subsequently pleaded guilty to grand larceny in the fourth degree under Indictment No. 5898/14, and robbery in the first degree under Indictment No. 9804/14. The Supreme Court sentenced the defendant in accordance with the terms of the plea agreement and issued four orders of protection, one in favor of the victim of the crime of grand larceny in the fourth degree, one in favor of the victim of the crime of robbery in the first degree, and one each in favor of two witnesses to the crime of robbery in the first degree.
The defendant contends that the orders of protection are invalid because the Supreme Court failed to articulate on the record its reasons for issuing the orders as required by CPL 530.13(4). This contention is unpreserved for appellate review as the defendant failed to raise this issue at sentencing or move to amend the final orders of protection on this ground (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v O'Connor, 136 AD3d 945; People v Fortier, 130 AD3d 642, 643), and we decline to reach this issue in the exercise of our interest of justice jurisdiction (see People v Rodriguez, 157 AD3d 971).
RIVERA, J.P., AUSTIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court