People v Rodriguez (2020 NY Slip Op 50953(U))

[*1]

People v Rodriguez (Shawn)

2020 NY Slip Op 50953(U) [68 Misc 3d 130(A)]

Decided on August 21, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 21, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., THOMAS P. ALIOTTA, BERNICE D.
SIEGAL, JJ

2017-2267 Q CR

The People of the State of New York,
Respondent,
against
Shawn Rodriguez, Appellant. 

Mark Diamond, for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick
Talcott and Antara D. Kanth of counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York,
Queens County (Bruna L. DiBiase, J.), rendered October 19, 2017. The judgment convicted
defendant, upon his plea of guilty, of disorderly conduct, and imposed sentence. The appeal from
the judgment of conviction brings up for review an order of protection dated October 19, 2017,
issued at the time of sentencing.

ORDERED that the judgment of conviction is affirmed.
Charged with, among other things, two counts of assault in the third degree (Penal Law
§ 120.00 [1]), defendant pleaded guilty to the added charge of disorderly conduct (Penal
Law § 240.20), and a final two-year limited order of protection was issued in favor of the
complainant. On appeal, defendant argues that, because the Criminal Court failed to articulate its
reasons on the record for issuing the order of protection, his guilty plea was not knowingly
entered and his sentence was illegal. He contends that these issues should be reviewed in the
interest of justice even though the order of protection expired during the pendency of this
appeal.
While, "[g]enerally, in order to preserve a claim that a guilty plea is invalid, a defendant must
move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant
to CPL 440.10" (People v Peque, 22
NY3d 168, 182 [2013]), here, defendant's claim is reviewable on direct appeal because
defendant faced a practical inability to move to withdraw his plea, since he pleaded guilty and
was sentenced in the same proceeding (see People v Williams, [*2]27 NY3d 212, 219-223 [2016]; People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Louree, 8 NY3d 541, 546
[2007]; People v Cappiello, 60 Misc
3d 139[A], 2018 NY Slip Op 51168[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). We note that a permanent order of protection entered upon a conviction may be
challenged on an appeal from a judgment of conviction (see People v Nieves, 2 NY3d 310, 315 [2004]). 
A guilty plea will be upheld so long as the record as a whole affirmatively discloses that a
defendant who pleaded guilty entered his plea "voluntarily, knowingly and intelligently" (People v Haffiz, 19 NY3d 883,
884 [2012] [internal quotation marks omitted]). A plea allocution based on a negotiated plea does
not require that a defendant make a specific admission as to each element of the charged offense
(see People v Goldstein, 12 NY3d
295, 301 [2009]). Contrary to defendant's contention, an order of protection and its terms are
not of "such great importance" as to fall within the rare exception requiring that they be disclosed
during the plea allocution (see People v
Sanford, 171 AD3d 1405, 1407 [2019], citing People v Gravino, 14 NY3d 546, 559 [2010]). Rather, the
Court of Appeals has held that "[i]t is enough that the allocution shows that the defendant
understood the charges and made an intelligent decision to enter a plea" (Goldstein, 12
NY3d at 301). Consequently we find, under the circumstances presented, that defendant made a
voluntary, knowing and intelligent decision to enter his plea (Goldstein, 12 NY3d at
301).
Defendant's other contention—that his sentence was rendered illegal because the
Criminal Court failed to articulate its reasons on the record for the issuance of the order of
protection (see CPL 530.12 [5])— lacks merit, as an order of protection issued
incident to a criminal proceeding is not a part of the sentence, but rather an "ameliorative
measure intended to safeguard the rights of the victims and witnesses" (Nieves, 2 NY3d
at 316). Defendant failed to object to the order of protection at sentencing, and we find no
grounds for the exercise of this court's interest of justice jurisdiction review, as no obvious
infirmity exists with respect to the order of protection, given that the order is now expired. 
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 21, 2020