People v Shakespeare (2021 NY Slip Op 50413(U))

[*1]

People v Shakespeare (Kerryann)

2021 NY Slip Op 50413(U) [71 Misc 3d 135(A)]

Decided on May 7, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 7, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1236 Q CR

The People of the State of New York,
Respondent,
against
Kerryann Shakespeare, Appellant. 

New York City Legal Aid Society (Kristina Schwarz of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and William H. Branigan
of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Ushir Pandit-Durant, J.), rendered February 27, 2018. The judgment convicted defendant, upon
her plea of guilty, of unlawful possession of personal identification information in the third
degree, and imposed sentence. The appeal from the judgment of conviction brings up for review
the propriety of a permanent order of protection.

ORDERED that the judgment of conviction is affirmed.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to unlawful possession of
personal identification information in the third degree (Penal Law § 190.81) in exchange for
a sentence of a conditional discharge and payment of $6,651 in restitution, as well as a permanent
order of protection in favor of the complainant, a patient, whose debit card defendant, an at-home
health care worker, admitted to using without authority or permission to withdraw and steal the
restitution amount over the course of nearly two years. A temporary order of protection was in
effect throughout the proceedings until it was replaced by a permanent order of protection at
sentencing.
Although the issuance of the permanent order of protection during the sentencing proceeding
is not a part of defendant's sentence (see CPL 530.13 [4]; People v Nieves, 2 NY3d 310, 316
[2004]), defendant's appeal from the judgment of conviction brings up for review defendant's
challenge to the Criminal Court's issuance of the permanent order of protection (see CPL
450.10 [1]; People v Rodriguez, 68
Misc 3d 130[A], 2020 NY Slip Op 50953[U], *1 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2020] ["a permanent order of protection entered upon a conviction may be challenged
on an appeal from a judgment of conviction"]). However, defendant's claim is unpreserved
(see CPL 470.05 [2]; Nieves, 2 NY3d at 316-318; People v Mitchell, 142 AD3d 1185
[2016]; People v May, 138 AD3d
1146, 1147 [2016]; People v O'Conner, 136 AD3d 945 [2016]; People v Sweeney, 106 AD3d 841,
842 [2013]), and we decline to address it as a matter of discretion in the interest of justice.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 7, 2021