People v Martinez
2026 NY Slip Op 03825
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Luis A. Martinez, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2023-03746, (Ind. No. 70679/22)
Angela G. Iannacci, J.P.
Paul Wooten
Laurence L. Love
Elena Goldberg Velazquez, JJ.

Carol Kahn, New York, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLaughlin, J.), rendered March 6, 2023, convicting him of criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that his sentence was excessive (see People v Lopez, 6 NY3d at 255) and that the County Court failed to comply with proper procedure in adjudicating him a second felony offender (see People v Thomas, 148 AD3d 734).
The defendant's contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Smith, 146 AD3d 904; People v Magnotta, 137 AD3d 1303). However, the defendant failed to preserve this contention for appellate review, since he did not move to vacate his plea or otherwise raise this issue before the County Court (see People v Clarke, 93 NY2d 904, 906; People v Morgado, 144 AD3d 709, 710). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780, 781; People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's contention that the County Court should have ordered a psychiatric and physical examination pursuant to CPL 390.30(2) is raised for the first time on appeal, is not preserved for appellate review, and, in any event, is without merit (see id. § 470.05[2]; People v Roldan, 223 AD2d 738; People v Smith, 171 AD2d 1060).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court